UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 12-00522 AG (ANx) | Date | March 14, 2013 |
|---|---|---|---|
| Title | LINKSMART WIRELESS TECHNOLOGY, LLC v. T-MOBILE USA, INC., ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:**    **[IN CHAMBERS] ORDER DENYING MOTION TO STAY LITIGATION PENDING OUTCOME OF *EX PARTE* AND *INTER PARTES* REEXAMINATIONS**

Defendants Ethostream LLC, Ramada Worldwide, Inc., Best Western International, Inc., Choice Hotels International Inc., iBAHN General Holdings Corp., Intercontinental Hotels Group Resources Inc., Marriott International, Inc., Six Continents Hotels Inc., and T-Mobile USA, Inc. (collectively, "Defendants") move this Court to stay this litigation pending the outcome of the currently-pending ex parte and inter partes reexaminations of the patent-in-suit, No. 6,779,118 (the "'118 patent"). Defendant LodgeNet Interactive Corporation joined in the Motion, but later filed a notice of stay under 11 U.S.C. § 362. Plaintiff Linksmart Wireless Technology, LLC ("Plaintiff") opposes the Motion.

The Court has discretion to stay a case pending reexamination proceedings. On the facts of this case, neither granting nor denying the stay is entirely satisfactory, but the balance of factors tilts in favor of moving the case forward. The Court therefore DENIES the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00522 AG (ANx) | Date | March 14, 2013 |
|---|---|---|---|
| Title | LINKSMART WIRELESS TECHNOLOGY, LLC v. T-MOBILE USA, INC., ET AL. | | |

## BACKGROUND

This action was first filed in the Eastern District of Texas on July 1, 2008. (Mot. 2.) On September 15, 2010, the defendants moved to stay the case pending the outcome of an ex parte reexamination that an unidentified third party requested in October, 2008. (Mot., Ex. 1K.) Following negotiations, Plaintiff agreed not to oppose the stay, with the parties' agreement that the non-opposition "only extends to the currently pending reexamination." (Mot., Ex. 1G 1.) On January 6, 2012, the PTO issued a notice of intent to issue ex parte reexamination certificate. (Opp'n., Weiss Decl. Ex. B.) On February 3, 2012, the Eastern District of Texas lifted the stay. (Mot., Ex. 1F 27.) On April 5, 2012, the court granted the parties' stipulation regarding dismissal and refiling in the Central District of California. (Mot., Exs. 1F 29, 1M). That stipulation recites that it was a "compromise to address Defendants' intention to file a motion to transfer the case to California," and specifies that for damages purposes, the California case will be treated as if it had been filed on the date of the relevant Texas complaints. (Mot., Ex. 1M 1-2.) The parties agreed that (1) the written discovery limitations from the Texas case would continue to apply, (2) all discovery could be reused, and (3) the depositions taken would be counted when determining the number of deposition hours permitted in the California case. (Mot., Ex. 1M 3.)

The '118 patent entered the first reexamination with twenty-seven claims, but exited with eighty-five, only twelve of which were in the patent before the reexamination. (Mot., Exs. 1 ¶ 15; 1L.) After the first reexamination concluded, the PTO received four additional reexamination requests, two of which the PTO denied, and two of which the PTO granted: an inter partes reexamination granted on October 19, 2012, and an ex parte reexamination granted on December 7, 2012. (Mot., Rogers Decl. ¶¶ 2-6, Opp'n., Weiss Decl. ¶¶ 11-12.) Both of those pending reexaminations yielded Office Actions rejecting all claims. (Reply 6.) Plaintiff has responded in the ex parte reexamination and the third party requester has answered Plaintiff's response in the inter partes reexamination. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00522 AG (ANx) | Date | March 14, 2013 |
|---|---|---|---|
| Title | LINKSMART WIRELESS TECHNOLOGY, LLC v. T-MOBILE USA, INC., ET AL. | | |

## LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, [ ]including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). "Courts consider several factors in deciding whether to stay an action: (1) whether a stay will simplify the issues in the litigation; (2) whether discovery is completed and whether a trial date is set; (3) and whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005) (citing *Guthy-Renker Fitness L.L.C. v. Icon Health and Fitness, Inc.*, 48 U.S.P.Q.2d 1058 (C. D. Cal. 1998)).

"There is 'a liberal policy in favor of granting motions to stay proceedings pending the outcome' of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery." *Aten Int'l Co., Ltd v. Emine Tech. Co., Ltd.*, SACV09-0843 AG, 2010 WL 1462110 (C.D. Cal. Apr. 12, 2010) (quoting *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, No. C 06-2252 SBA, 2007 WL 627920, *1 (N.D. Cal. Feb. 26, 2007)). "No court is obligated, however, to stay its proceedings while there is a pending patent reexamination, regardless of whether the court is analyzing the same issues as the PTO." *Biomet Biologics, LLC v. Bio Rich Med., Inc.*, SACV 10-1582 DOC, 2011 WL 4448972 (C.D. Cal. Sept. 26, 2011). That is at least in part because:

> [a]s here, reexaminations can be filed by strangers to the litigation (or by the litigants themselves) at seemingly random moments over the span of patent litigation. If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner. From a case management perspective, the possible benefits must be weighed in each instance against the possible drawbacks.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00522 AG (ANx) | Date | March 14, 2013 |
|----------|------------------------|------|----------------|

| Title | LINKSMART WIRELESS TECHNOLOGY, LLC v. T-MOBILE USA, INC., ET AL. |
|-------|--------------------------------------------------------------------|

*Comcast Cable Commc'n Corp., LLC v. Finisar Corp.*, C 06-04206 WHA, 2007 WL 1052883 (N.D. Cal. Apr. 5, 2007).

## ANALYSIS

### 1.   WHETHER A STAY WILL SIMPLIFY THE ISSUES IN THE LITIGATION

All of the asserted claims are at issue in the reexamination, which means that they all could be cancelled or, more likely, modified.  It is also possible that a number of claims will be confirmed without substantial change.  As Defendants note, the inter parties reexamination at issue met the recently-elevated standard ("reasonably likelihood of success") for granting inter partes reexamination requests, but even under the less stringent prior standard, at least some of a patent's claims were cancelled or changed in 89% of inter partes reexaminations.  (Mot., Ex. 1J.)  And 42% of inter partes reexaminations result in complete cancellation of a patent's claims.  (*Id.*)

But, if claims survive, either intact or amended, there are several reasons that the issues in the case will not necessarily be simplified.  First, as Defendants note in another context, the Texas action only involved ten claims from the original '118 patent, but this action involves "somewhere between 30-50 additional claims of the reexamined '118 Patent" that "**were not even a part of the '118 Patent until the First Reexam concluded**." (Reply 4 (emphasis added).)  That increase in the number of claims at issue is a somber reminder of the sometimes ignored potential for reexaminations to complicate, rather than simplify, litigation.

Second, Defendants assert a large number of prior art references in this case that are not at issue in the reexaminations, and Defendants are not estopped from asserting in this case the prior art references that are currently at issue in the reexaminations.  Only five of the eighty-eight references that Defendants cite in its invalidity contentions are presently

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00522 AG (ANx) | Date | March 14, 2013 |
| --- | --- | --- | --- |
| Title | LINKSMART WIRELESS TECHNOLOGY, LLC v. T-MOBILE USA, INC., ET AL. | | |

before the PTO in the reexaminations. (Opp'n. 13.) Plaintiff also argues that Defendants' continued assertion of two prior art references that were exhaustively considered in the reexamination is evidence that the first reexamination failed to simplify the issues, and therefore it is likely that the second and third reexaminations will not simplify the issues, either. (*Id*.) That argument has some force, and for this reason, some courts have conditioned stays on the defendants' agreement to be bound by the result of the reexamination. *See, e.g., Riparius Ventures LLC v. Skype Technologies S.A.*, 07-CV-00812, 2009 WL 8590765 (N.D. Ill. June 9, 2009).

Defendants argue that a close look at what actually happened in the first reexamination shows that the new reexaminations will, in fact simplify the case. (Reply 8.) Defendants argue that in the first reexamination, the Board of Patent Appeals and Interferences ("BPAI") rejected every independent claim of the patent on broad obviousness grounds, but did not address the relevance of that finding on the dependent claims when it sent the case back to the examiner. (*Id*.) The examiner did not recognize that the BPAI's rationale also applied to the dependent claims, and so allowed them. (*Id*.) Defendants argue that the current reexamination requests explain why the obviousness problems requiring cancellation of the independent claims in the first reexamination also plague the remaining claims of the patent, so the claims will likely be cancelled. (*Id*.)

It is certainly possible that the current reexamination process will simplify the case, but it is also possible that it will complicate it. Assuming that Defendants are correct about the applicability of the obviousness rationale to the dependent claims, it might be better for them—and simpler—for the Court to address the claims as they presently exist, rather than how they might exist after years of examiner, PTO, and Federal Circuit review. This case certainly would have been simpler had the original reexamination request never been filed.

Of course, if the Court were to wait for the final completion of the current reexaminations, including appeals, the case issues would be settled in a way that they will not be if the Court were to go forward now. In that sense, waiting for a reexamination to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00522 AG (ANx) | Date | March 14, 2013 |
|----------|------------------------|------|----------------|
| Title | LINKSMART WIRELESS TECHNOLOGY, LLC v. T-MOBILE USA, INC., ET AL. | | |

end always results in some simplification as compared to proceeding during a reexamination.  Indeed, Defendants argued at the hearing that it is a matter of when, not if, the courts will need to confront the reexamination result, although Plaintiff admitted that any appeal from a June 2014 trial is likely to be **decided** by the Federal Circuit around the same time the inter partes reexamination finally concludes.  But it is not clear that in this case the number or complexity of the asserted claims or prior art references will decrease as a result of the reexaminations, although Defendants argue that such simplification is likely due to the number of alternative rejections and the fact that Plaintiff has not (yet) requested to amend the claims.

Because it seems equally likely that the reexaminations will simplify or complicate the litigation, this factor is neutral.

## 2.  WHETHER DISCOVERY IS COMPLETED AND WHETHER A TRIAL DATE IS SET

Discovery has not been completed.  In the Texas action, the parties served infringement, invalidity, and unenforceability contentions, propounded and responded to written discovery, produced hundreds of thousands of pages of documents, and conducted eight depositions, including of the inventors and two expert witnesses regarding their claim construction opinions.  (Opp'n., Weiss Decl. ¶ 3.)  Despite that progress, Plaintiff wrote in discovery correspondence in December 2012 that "while certain discovery was provided in the Texas action, that discovery may well be outdated and discovery is just beginning in this action."  (Mot., Ex. 1H.)  In its opposition papers, Plaintiff admits that due to the first reexamination stay and time lapse attributable to refiling the case in California, there is "a fair amount of additional and updating discovery that must occur" in this action.  (Opp'n. 4, n.2.)  And as Defendants point out, Plaintiff has done very little to accomplish that additional and updating discovery in the eleven months the case has been pending in this district, having only served a single subpoena a few weeks ago.  (Reply 4.)  At the hearing, Defendants also argued that Plaintiff did not take depositions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00522 AG (ANx) | Date | March 14, 2013 |
|---|---|---|---|
| Title | LINKSMART WIRELESS TECHNOLOGY, LLC v. T-MOBILE USA, INC., ET AL. | | |

of eight of the ten defendants when the case was in Texas.  Plaintiff responded that it is unlikely to take even a 30(b)(6) deposition of each defendant, as it prefers to more cost-effectively rely on document discovery, and that most of the discovery that remains involves damages.

As discussed in the cases cited by Defendants, courts have granted stays at various stages of discovery.  When deciding whether to grant a stay pending reexamination, and the weight to be given to the status of discovery in that analysis, the Court finds it proper to consider the reasons that discovery has reached its present stage.  In explaining why this fact supports a stay, Defendants cite the statement in *Softview Computer Prods. Corp. v. Haworth, Inc.*, that review by the PTO provides "an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts . . . especially where the infringement litigation is in its early stages."  No. 97-cv-8115, 2000 U.S. Dist. LEXIS 11274, *4 (S.D.N.Y. Aug 10, 2000) (internal citations omitted).  (Mot. 7.)  The expediency rationale cited by *Softview* is called into question by serial reexamination requests.  Here, substantial discovery has been taken, and the delay caused by the prior reexamination stay is the reason that discovery has not yet been completed.  That presents a different situation from one in which discovery was truly in its infancy.

Defendants cite a number of cases in which a stay was entered or maintained in response to a second reexamination request.  In the most analogous case, *Ohio Willow Wood Co. v. Alps S. Corp.*, 2:04-CV-1223, 2008 WL 5076818 (S.D. Ohio Nov. 21, 2008), the Court lifted the stay after the conclusion of a second reexamination and after a third reexamination request had been submitted, but soon thereafter reimposed the stay after the PTO granted the third reexamination request.  *Ohio Willow* reasoned that there was a "notable possibility, arguably even a probability, that at least some of the claims involved in this litigation will either be changed or cancelled" in the third reexamination.  *Id*. at *3. That is also true here, but as discussed above, it is not clear that matters will be simplified by those changes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00522 AG (ANx) | Date | March 14, 2013 |
|---|---|---|---|

| Title | LINKSMART WIRELESS TECHNOLOGY, LLC v. T-MOBILE USA, INC., ET AL. |
|---|---|

In *Convergence Techs.*, the court granted a stay covering the pendency of a second reexamination where the case was about two-and-a-half years old, where a number of defendants had recently been added to the case, and where there was no prior stay entered in the case. 2012 WL 1232187 at *2-4. Those factors distinguish it from this case. In *In re Webvention LLC '294 Patent Litig.*, 868 F. Supp. 2d 500, 504 (D. Md. 2012), the Court granted a second stay for a second reexamination where it anticipated that the stay would "only delay the case by approximately four months from the date of this decision." Here, the delay is certain to be much longer. In *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64 (D.D.C. 2002), the court continued a stay to cover the second and third reexaminations. But in *Canady*, the court stated its intention to defer to the validity decision ultimately reached by the PTO in the reexamination, *id.* at 78-29, which is not something Defendants suggest the Court should do here. *See also Cooper Notification, Inc. v. Twitter, Inc.*, 2010 U.S. Dist. LEXIS 131385 (D. Del. Dec. 13, 2010) (declining to grant stay where litigation and reexamination were both in their early stages, but the Court had developed a considered schedule and a trial had been set).

The other prong of this factor is whether a trial date has been set. The Court has set a trial date of July 14, 2014. Considering "the stage of the litigation in comparison to the stage of the PTO reexaminations," the Court finds that the litigation is at least as advanced as the reexaminations. *MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556, 565 (E.D. Va. 2007). Defendants argue that the Central District has not previously held that the Court should compare the stage of the proceedings and need not do so, but Defendants implicitly recognize the force of such a comparison by arguing that the reexamination proceedings are well underway, noting that both reexamination requests have been granted by the PTO, each has resulted in Office Actions rejecting all claims, Plaintiff has responded in the ex parte reexamination, and the third party requester has answered Plaintiff's response in the inter partes reexamination. (Reply 6.) While that shows progress, it is difficult to gauge its overall significance. Many reexaminations, including the original reexamination in this case, begin with a rejection of all claims and end with numerous allowed claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00522 AG (ANx) | Date | March 14, 2013 |
|---|---|---|---|
| Title | LINKSMART WIRELESS TECHNOLOGY, LLC v. T-MOBILE USA, INC., ET AL. | | |

In granting a stay in *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST (C.D. Cal. Dec. 19, 2012) the court reasoned that "considering the general time line of patent litigation, there is more work ahead of the parties and the Court than behind the parties and the Court."  (Reply 5.)  Here, denying Defendants' request for the stay would ensure that there will be less time ahead of the parties and the Court than behind, and the district court litigation may even beat the pending reexaminations to final resolution, including appeal.  And, regarding the relative **quantity** of work ahead and behind, the Court believes that the parties can—**and will**—work to **ensure** that the work done in the Texas action goes a long way towards preparing this case for dispositive motion practice and trial.

Defendants make much of the difference between the Texas action and this case (Reply 4), but it was Defendants who sought transfer of the Texas action to this Court, and this Court will not hold against Plaintiff its sensible acquiescence to Defendants' desire to move the case here by ignoring the work done in the Texas action.  Because much discovery has been completed, although much may remain to be done, and because a trial date has been set, this factor weighs against a stay.

**3.      WHETHER A STAY WOULD UNDULY PREJUDICE OR PRESENT A CLEAR TACTICAL DISADVANTAGE TO THE NON-MOVING PARTY**

Defendants argue that there would be no prejudice or clear tactical disadvantage to Plaintiff from a stay because Plaintiff does not compete with any of the Defendants, and thus is entitled only to a reasonable royalty that can be paid, if warranted, at a later date. (Mot. 9.)  It is of course true that "a general claim of delay is not enough on its own to constitute undue prejudice."  *Convergence Techs. (USA), LLC v. Microloops Corp.*, 5:10-CV-02051 EJD, 2012 WL 1232187 (N.D. Cal. Apr. 12, 2012) (citing *AT & T Intellectual Prop. I v. TiVo, Inc.*, 774 F.Supp.2d 1049, 1054 (N.D. Cal. 2011)); *Tierravision, Inc. v. Google, Inc.*, No. 11cv2170 DMS (BGS), 2012 U.S. Dist. LEXIS 21463, at *7 (S.D. Cal. Feb. 21, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00522 AG (ANx) | Date | March 14, 2013 |
|---|---|---|---|
| Title | LINKSMART WIRELESS TECHNOLOGY, LLC v. T-MOBILE USA, INC., ET AL. | | |

But Plaintiff does not rely on a general claim of delay.  Instead, it argues that it would be prejudiced "in several significant and irreversible ways." (Opp'n. 9.)  Plaintiff argues that the changes to the technological landscape that will continue during the delay will cause prejudice because the technology at issue is internet service provided by hotels, and that such technology is decreasing in importance with the increasing prevalence of internet-enabled smartphones, tablets, and hotspots. (Opp'n. 10.)  Plaintiff believes that as time goes on, a jury would view Plaintiff's technology as less and less valuable. (*Id.*)  Plaintiff cites PTO statistics showing that the historical average pendency is 25.4 months for an ex parte reexamination and 36.1 months for an inter partes reexamination. (Opp'n. 9 (citing Mot., Ex. 1J).)  The first reexamination in this case took four years. (*Id.*)  Plaintiff argues that "[e]vidence, witness availability, and memory concerning the pertinent timeframe will likely become more stale and difficult to retrieve as time passes." (Opp'n. 11 (*quoting Interwoven, Inc. v. Vertical Computer Sys.*, 2012 U.S. Dist. LEXIS 30946 (N.D. Cal. Mar. 8, 2012).)); *accord, Russell Cave and Partners, LLC v. UTC Fire and Security Corp.*, CV-10-9679-DMG (PLAx) (C.D. Cal. Aug. 17, 2011).

Defendants respond that Plaintiff's concerns about the loss of evidence are belied by the fact that it has not commenced discovery in this action to preserve the evidence about which it is concerned. (Reply 13-14.)  Plaintiff's relaxed approach to discovery does not help its position on this motion, but the Court is independently concerned about witness availability and memory given the already advanced age of the case and the potential for further significant delay. The evidentiary and jury attitude harms from delay that Plaintiff raises, while not overwhelming, are real. This factor weighs against a stay.

**<u>DISPOSITION</u>**

While the parties present a close question, on balance, the first factor is neutral, while the second and third factors weight against a stay. The Court DENIES Defendants' motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00522 AG (ANx) | Date | March 14, 2013 |
|---|---|---|---|
| Title | LINKSMART WIRELESS TECHNOLOGY, LLC v. T-MOBILE USA, INC., ET AL. | | |

stay this litigation.

                                                              :     0

                              Initials of
                              Preparer          lmb