David B. Bassett (*Pro Hac Vice*)
david.bassett@wilmerhale.com
Noah Levine (*Pro Hac Vice*)
noah.levine@wilmerhale.com
Adam P. Romero (*Pro Hac Vice*)
adam.romero@wilmerhale.com
Sadaf R. Abdullah (*Pro Hac Vice*)
sadaf.abdullah@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

(*Caption continued on next page*)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| LINKSMART WIRELESS TECHNOLOGY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> T-MOBILE USA, INC., et al., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | Case No. SACV12-00522-AG <br> Hon. Andrew J. Guilford <br><br> **DEFENDANTS' MOTION FOR RECONSIDERATION OF MOTION TO STAY LITIGATION** <br><br> Hearing Date: July 8, 2013 <br> Hearing Time: 10:00 a.m. <br> Courtroom: 10D |

WilmerHale
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

1  Bethany Stevens (SBN: 245672)
   Bethany.stevens@wilmerhale.com
2  WILMER CUTLER PICKERING
   HALE AND DORR LLP
3  350 South Grand Avenue, Suite 2100
   Los Angeles, CA 90071
4  Telephone: (213) 443-5300
   Facsimile: (213) 443-5400
5
   Kate Saxton (*Pro Hac Vice*)
6  kate.saxton@wilmerhale.com
   WILMER CUTLER PICKERING
7  HALE AND DORR LLP
   60 State Street
8  Boston, MA 02109
   Telephone: (617) 526-6253
9  Facsimile: (617) 526-5000

10 *Attorneys for Defendant-Counterclaimant T-Mobile USA, Inc.*

11 Grant E. Kinsel (SBN: 172407)
   gkinsel@perkinscoie.com
12 Perkins Coie LLP
   1888 Century Park East, Suite 1700
13 Los Angeles, CA 90067
   Telephone: (310) 788-9900
14 Facsimile: (310) 788-3399

15 Michael D. Broaddus (*Pro Hac Vice*)
   mbroaddus@perkinscoie.com
16 Perkins Coie LLP
   1201 Third Avenue, Suite 4900
17 Seattle, WA 98101-3099
   Telephone: (206) 359-8694
18 Facsimile: (206) 359-9694

19 *Attorneys for Defendant-Counterclaimant iBAHN General Holdings Corp.*

20 David M. Stein (SBN: 198256)
   dstein@akingump.com
21 Akin Gump Strauss Hauer and Feld LLP
   633 West Fifth Street Suite 5000
22 Los Angeles, CA 90071
   Telephone: (213) 254-1200
23 Facsimile: (213) 229-1001

24 James D. Peterson (*Pro Hac Vice*)
   jpeterson@gklaw.com
25 Godfrey and Kahn SC
   One East Main Street, PO Box 2719
26 Madison, WI 53701-2719
   Telephone: (608) 257-3911
27 Facsimile: (608) 257-0609

28

**WilmerHale**
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

Defendants' Motion for Reconsideration
of Motion to Stay Litigation
SACV12-522-AG

1  Brian G Gilpin (*Pro Hac Vice*)
   bgilpin@gklaw.com
2  Godfrey and Kahn SC
   780 North Water Street
3  Milwaukee, WI 53202
   Telephone: 414-273-3500
4  Facsimile: 414-273-5198

5  *Attorneys for Defendants-Counterclaimants Ethostream LLC and Ramada Worldwide Inc.*
6
7  John S. Gibson (SBN: 140647)
   jgibson@crowell.com
   Crowell and Moring LLP
8  3 Park Plaza, 20th Floor
   Irvine, CA 92614-8414
9  Telephone: (949) 263-8400
   Facsimile: (949) 263-8414
10
   Brian M. Koide (*Pro Hac Vice*)
11 bkoide@crowell.com
   Craig P. Lytle (*Pro Hac Vice*)
12 clytle@crowell.com
   Jeffrey Ahdoot (*Pro Hac Vice*)
13 jahdoot@crowell.com
   John L. Cuddihy (*Pro Hac Vice*)
14 jcuddihy@crowell.com
   Crowell and Moring LLP
15 1001 Pennsylvania Avenue, N.W.
   Washington, D.C. 20004
16 Telephone: (202) 624-2931
   Facsimile: (949) 263-8414
17
   *Attorneys for Defendant-Counterclaimant Marriott International Inc.*
18
   John M. Guaragna (SBN: 199277)
19 john.guaragna@dlapiper.com
   DLA Piper LLP (US)
20 401 Congress Avenue, Suite 2500
   Austin, Texas 78701-3799
21 Telephone: (512) 457-7125
   Facsimile: (512) 721 2325
22
   Erin Paige Gibson (SBN: 229605)
23 erin.gibson@dlapiper.com
   DLA Piper LLP (US)
24 401 B Street, Suite 1700
   San Diego, CA 92101
25 Telephone: (619) 699-2862

26 *Attorneys for Defendants-Counterclaimants Six Continents Hotels, Inc. and Intercontinental Hotels Group Resources, Inc.*
27
28

**WilmerHale**
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

George B. Newhouse, Jr. (SBN: 107036)
gnewhouse@brownwhitelaw.com
Brown White & Newhouse, Jr.
333 South Hope St., 40th Floor
Los Angeles, CA 90071
Telephone: (213) 613-0500
Facsimile: (213) 613-0550

Gregory R. Lyons (*Pro Hac Vice*)
glyons@wileyrein.com
Kevin P. Anderson (*Pro Hac Vice*)
kanderson@wileyrein.com
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049

*Attorneys for Defendant Choice Hotels International, Inc.*

Elizabeth M. Weldon (#223452)
eweldon@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California  92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

David E. Rogers (*Pro Hac Vice*)
drogers@swlaw.com
Sid Leach (*Pro Hac Vice*)
sleach@swlaw.com
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ  85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070

*Attorneys for Defendant Best Western International, Inc.*

**WilmerHale**
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071

In light of recent developments in the reexaminations of Plaintiff Linksmart Wireless Technology LLC's U.S. Patent No. 6,779,118 ("'118 Patent"), the sole patent at issue, Defendants respectfully move for reconsideration of the Court's denial of Defendants' motion to stay this litigation pending the reexaminations. *See* ECF No. 130. Pursuant to Local Rule 7-18, a motion for reconsideration is proper based on "the emergence of new material facts . . . occurring after the time of [the original] decision . . . ." In the short time since the Court declined to stay this case—describing the motion as presenting a "close question"—material developments in the reexaminations have shifted the balance of factors in favor of a stay. Specifically, the Patent and Trademark Office ("PTO") merged the two pending reexaminations to provide a comprehensive, consistent, and expedited examination of the '118 Patent. Then, in the merged proceeding, the PTO issued an Action Closing Prosecution ("ACP") maintaining rejections of every claim of the '118 Patent—in most cases based on between five and seven different prior-art combinations. The PTO has therefore considered Linksmart's arguments in favor of patentability and rejected them.

Because the PTO has issued an ACP, Linksmart "cannot, as a matter of right, amend claims rejected in the ACP [or] add new claims after the ACP[.]" M.P.E.P § 2673.[1] The PTO's action thus minimizes the risk that a stay pending the reexaminations could complicate the issues before this Court. Rather, the reexaminations will now almost certainly simplify, if not terminate, this litigation.

I. **BACKGROUND**

On October 19, 2012 and December 7, 2012, respectively, the PTO granted *inter partes* Reexamination No. 90/012,342 and *ex parte* Reexamination No. 95/002,035. Both reexaminations yielded initial Office Actions rejecting all claims of the '118 Patent. On January 25, 2013, Defendants moved this Court to stay the

---

[1] Available at http://www.uspto.gov/web/offices/pac/mpep/s2673.html.

case pending the reexaminations, citing the "liberal policy in favor of granting motions to stay proceedings pending the outcome of [patent] reexamination." *Aten Int'l Co. v. Emine Tech. Co.*, No. SACV 09-0843 AG, 2010 WL 1462110, at *6 (C.D. Cal. April 12, 2010) (internal quotation marks omitted). *First*, Defendants argued that a stay was appropriate because either one or both of the reexaminations would result in simplification if not termination of this case given (a) the statistical likelihood that all or some of the patent claims would be cancelled or modified during reexamination, and (b) that in a prior reexamination, the Board of Patent Appeals and Interferences decided a substantive issue that casts significant doubt on the validity of the remaining claims of the '118 Patent. *Second*, Defendants argued that a stay would obviate the need for the parties or this Court to expend significant resources, time, and effort on litigation activities (such as claim construction, fact discovery, expert discovery, dispositive motions, and trial preparation) that may well become moot should the claims be cancelled in one or both reexaminations or that, at a minimum, may need to be redone in light of the developing prosecution history. *Third*, Defendants argued that a stay would not prejudice Linksmart, a non-practicing entity that does not compete with any Defendant and accordingly can be fully compensated for infringement of any valid claim by monetary damages. *See generally* ECF Nos. 120 & 128 (Defendants' Stay Motion and Reply).

Following oral argument, the Court denied the motion to stay on March 14, 2013. The Court held that the decision whether to stay the case was "a close question" and that "neither granting nor denying the stay is entirely satisfactory, but the balance of factors tilts in favor of moving the case forward." ECF No. 130 at 10 & 1. On the question of whether the reexaminations would simplify the litigation, the Court held that "[b]ecause it seems *equally likely* that the reexaminations will simplify or complicate the litigation, this factor is neutral." *Id.* at 6 (emphasis

1 added).  The Court raised the possibility that Linksmart might seek to add claims to
2 the '118 Patent during the reexaminations—as Linksmart had done in a prior
3 reexamination—which could potentially complicate, rather than simplify, matters
4 before this Court.  *Id.* at 4-6.  On the status of the litigation factor, the Court
5 concluded that "it was difficult to gauge" the status of the litigation in comparison
6 to the status of the reexaminations because the reexaminations, at that point, had
7 resulted only in initial Office Actions.  *Id.* at 8.

## II.   RECENT DEVELOPMENTS IN THE REEXAMINATIONS SHIFT THE BALANCE OF FACTORS IN FAVOR OF A STAY

In the short time since the Court denied Defendants' motion to stay, there have been two significant developments in the pending reexaminations.  On March 20, 2013, the PTO merged the reexaminations into a single proceeding "(1) to prevent inconsisten[cies] . . . (2) to provide a comprehensive examination of the patent . . . and (3) to *expedite* the prosecution of both proceedings."  Ex. A at 3 (emphasis added).[2]  Shortly thereafter, on April 29, 2013, the PTO Examiner issued an extensive 98-page Action Closing Prosecution ("ACP") in the merged proceeding that maintains rejections of all claims of the '118 Patent.[3]  The Examiner rejected most claims based on between five and seven different prior-art combinations.  In so concluding, the Examiner rejected the arguments that Linksmart had made in its January 17, 2013 and February 7, 2013 responses to the initial Office Actions.  Thus, after hearing from Linksmart in both reexaminations, the PTO has now maintained rejections of every claim of the '118 Patent in an ACP.

---

[2] The PTO's decision merging the reexaminations is attached as Exhibit A to the Declaration of Adam P. Romero ("Romero Decl."), being filed concurrently herewith.

[3] The PTO's Action Closing Prosecution in the merged proceeding is attached as Exhibit B to the Romero Decl.

**WilmerHale**
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071

In the face of the ACP, Linksmart "cannot, as a matter of right, amend claims rejected in the ACP [or] add new claims after the ACP[.]" M.P.E.P § 2673; *see also* 37 C.F.R. § 1.116(b). Rather, at this stage, Linksmart may only offer an amendment that "merely cancels claims, adopts examiner's suggestions, removes issues for appeal, or in some other way requires only a cursory review by the examiner." M.P.E.P. § 2673; *see also* 37 C.F.R. § 1.116(b)(1)-(2). In the ACP, the Examiner did not offer any suggestions that Linksmart could adopt to achieve patentability. As a result, if Linksmart were to offer any amendment falling in the above categories—such as claim cancellation—it would only simplify the reexamination and, in turn, simplify this litigation. If Linksmart were to offer any amendment "touching the merits" of the '118 Patent, however, Linksmart would have to demonstrate "good and sufficient reasons why the amendment is necessary and was not presented earlier." 37 C.F.R. § 1.116(b)(3). In other words, if Linksmart proposes any amendment that could complicate the reexamination because it would require "more than cursory review by the examiner . . . the examiner is not required to enter [it]." M.P.E.P. § 2673.

Effectively, then, at this stage Linksmart must attempt to convince the (same) Examiner who has rejected all claims of the '118 Patent three times based on numerous prior-art combinations to change every such position and withdraw all of the rejections. Objectively, the chances of Linksmart doing so are remote, given the history of the reexaminations to date.[4] As a result, the likelihood that the '118

---

[4] Procedurally, Linksmart has only until July 1, 2013 to file comments on the ACP pursuant to 37 C.F.R. § 1.951(a). If Linksmart does so, within 30 days, the requestor in the *inter partes* reexamination may file comments on the ACP and Linksmart's comments pursuant to 37 C.F.R. § 1.951(b). Next, the Examiner will consider any comments and, if the rejections are maintained, issue a Right to Appeal Notice pursuant to 37 C.F.R. § 1.953. The Examiner is charged with acting "*as soon as possible*." M.P.E.P. § 2673 (emphasis added); *see also* 35 U.S.C. § 314(c) (statutory requirement for "special dispatch within the [PTO]").

Patent will be fully cancelled during reexamination is now materially higher than when the Court denied the motion to stay. There is likewise little possibility that Linksmart can add claims to the '118 Patent that might complicate the case before this Court. Finally, even if Linksmart were to try to amend the claims that it is asserting in this litigation, and the Examiner were to enter those amendments, that would obviate the need to litigate the pre-amended version of those claims in this case.

Based on these developments, Defendants respectfully urge the Court to reconsider its rulings that the simplification factor is neutral and that the status of the litigation weighs against a stay. As various courts have recognized, the issuance of an ACP rejecting all patent claims can be a significant event in a reexamination that renders the potential for simplification of litigation even greater and, therefore, strengthens the cause for staying litigation pending a reexamination. For example, in *LG Electronics U.S.A., Inc. v. Whirlpool Corp.*, No. 09-cv-5142, 2011 U.S. Dist. LEXIS 134188, at *2 (D.N.J. Oct. 15, 2011), the court originally denied a motion to stay the case pending reexamination of the patents-in-suit, but following the issuance of an ACP rejecting all of the asserted claims, the court revisited its prior decision and stayed the case. The court held that "[a]lthough the litigation is in a late stage, the procedural posture of the *inter partes* reexamination of all four patents-in-suit has materially changed since the Court last considered staying the case." *Id.* The court adhered to its decision to stay the case on a motion for reconsideration by the patentee that sought to undermine the significance of an ACP. *See LG Electronics U.S.A., Inc. v. Whirlpool Corp.*, No. 09-cv-5142, 2011 WL 5599718, at *2-3 (D.N.J. Nov. 17, 2011).

Similarly, in *Cellectis S.A. v. Precision Biosciences, Inc.*, No. 5:08-cv-119, 2010 WL 3430854, at *6 (E.D.N.C. Aug. 31, 2010), the court granted a stay because an ACP made it "more likely that the claims of the Patents-in-Suit will be

ultimately cancelled or modified" and because of the need for "substantial expenditure of the parties' and the Court's resources in conducting a claim construction hearing and trial on claims that may ultimately be invalidated and likely altered from their present form[.]" The court in *Cellectis* reached this conclusion even though the potential for undue prejudice weighed against a stay, and even though fact discovery was almost complete, claim construction was briefed, and claim construction experts were deposed—a status comparable, if not more advanced, than the matter before this Court. *Id.* at *3-5.[5]

In this case, it is even clearer that a stay can have a substantial positive effect on this dispute. Here, a stay would allow for the completion of the prosecution history. As is apparent from the parties' claim construction briefs filed with this Court—which refer to, quote from, and focus extensively on the reexamination file histories—the developing prosecution history is crucial to claim construction issues before the Court.[6] Because Linksmart continues to take positions before the PTO relevant to the claim terms to be construed by this Court (indeed, many of Linksmart's positions in the PTO are contrary to its arguments to this Court, as

---

[5] *See also Enhanced Security Research LLC v. Juniper Networks, Inc.*, No. 10-cv-605, 2010 WL 5420147, at *2 (D. Del. Dec. 27, 2010) (granting stay and recognizing "[t]he potential for simplification of the litigation is greater" based on an ACP rejecting all patent claims). *But see Helicos Biosciences Corp. v. Pacific Biosciences of California*, Civ. No. 10-735, 2011 WL 6299761, at *3 (D. Del. Dec. 16, 2011) (rejecting a stay where the reexaminations "are not closed and the BPAI has yet to affirm a final determination of invalidity"). The court's statement in *Helicos* seems to suggest that a stay of litigation would not be appropriate until some late stage in a reexamination, but this view has been rejected by numerous courts. *See, e.g.*, *LG Electronics*, 2011 WL 5599718, at *2 ("That a final determination of invalidity has not been made does not alter this Court's disposition of the matter."). Indeed, this Court has granted stays before the PTO had yet to decide whether to even grant reexamination. *See Aten*, 2010 WL 1462110, at *7; *Kornit Digital Ltd. v. All Am. Mfg. & Supply Co.*, No. SACV09-689 AG, 2010 U.S. Dist. LEXIS 48395, at *8-10 (C.D. Cal. Jan. 11, 2010).

[6] The Court has scheduled a claim construction hearing for July 17, 2013.

1  Defendants explain in their claim construction brief), the prosecution history is
2  critically important to construing the claims. *See, e.g.*, ECF No. 139 at 1-2, 5-20,
3  26-31 (Defendants' Claim Construction Brief). But with the prosecution history
4  incomplete and evolving, any claim construction by the Court at this time may need
5  to be redone, either as the prosecution history continues to develop or later, in the
6  unlikely event that any claims of the '118 Patent survive reexamination.[7] Indeed,
7  the Court will be severely disadvantaged if it construes the claims based on an
8  incomplete prosecution history and then has to modify or re-do the claim
9  construction as a result of further developments in the reexaminations.

10  Staying the case pending the reexaminations, therefore, will result in
11  simplification of this case either through its dismissal (in the likely event that the
12  PTO cancels all of the patent claims) or by allowing any patent claims that emerge
13  from reexamination to be finally determined once and for all upon a full
14  prosecution history. Defendants respectfully submit that, because the ACP now
15  makes it clear that the pending reexaminations will simplify this litigation, and
16  because the reexaminations are advancing expeditiously, the balance of the factors
17  has shifted in favor of a stay.

\*\*\*

---

[7] *See, e.g.*, *Pi-Net Int'l, Inc. v. The Hertz Corp.*, No. CV 12-10012 PSG, Order Granting Motion to Stay, at 3-6 (C.D. Cal. June 5, 2013) (ECF No. 31) (attached as Exhibit C to Romero Decl.) (granting stay to promote judicial efficiency and avoid re-litigation of issues, and rejecting plaintiff's objection regarding alleged future obsolescence of the computer technology at issue); *Tierravision, Inc. v. Google, Inc.*, No. 11cv2170, 2012 WL 559993, at \*2 (S.D. Cal. Feb. 21, 2012) ("With the claims in reexamination, the parties are litigating this case on a bed of shifting sand. The sole basis for the case, the patent claims, are, at this time, uncertain. Staying the case will allow the ground to settle, and may avoid unnecessary and duplicative work. Furthermore, staying the case pending reexamination will allow the parties to complete the prosecution history, which will inform the parties' and the Court's constructions of the asserted claims.").

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 31, 2013.

DATED: June 10, 2013

Respectfully Submitted,

WILMER CUTLER PICKERING HALE AND DORR LLP

By: */s/ Noah Levine*

Attorney for Defendant-Counterclaimant T-Mobile USA, Inc.

PERKINS COIE LLP

By: */s/ Michael D. Broaddus*

Attorney for Defendant-Counterclaimant iBAHN General Holdings Corp.

GODFREY AND KAHN SC

By: */s/ James D. Peterson*

Attorney for Defendants-Counterclaimants Ethostream LLC and Ramada Worldwide Inc.

CROWELL AND MORING LLP

By: */s/ Brian Koide*

Attorney for Defendant-Counterclaimant Marriott International Inc.

DLA PIPER LLP (US)

By: */s/ John M. Guaragna*

Attorneys for Defendants-Counterclaimants Six Continents Hotels, Inc. and Intercontinental Hotels Group Resources, Inc.

**WilmerHale**
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

| | |
|---|---|
| 1 | WILEY REIN LLP |
| 2 | By: */s/ Gregory R. Lyons* |
| 3 | Attorneys for Defendant Choice Hotels International, Inc. |
| 4 | |
| 5 | SNELL & WILMER L.L.P. |
| 6 | BY: */s/David E. Rogers* |
| 7 | Attorneys for Defendant Best Western International, Inc. |
| 8 | |

**WilmerHale**
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2013, I electronically filed the foregoing Defendants' Motion for Reconsideration of Motion to Stay Litigation through the Court's Electronic Case Filing ("ECF") System. Notice of each filing is being served upon all counsel of record automatically through the ECF System.

　　　　　　　　　　　　　　　　　　　　*/s/ Adam P. Romero*
　　　　　　　　　　　　　　　　　　　　Adam P. Romero

**WilmerHale**
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071