**Exhibit A**



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

Hershkoviz & Associates, LLC
2845 Duke Street
Alexandria, Virginia 22314

(For Patent Owner)

**MAILED**

**MAR 2 0 2013**

**CENTRAL REEXAMINATION UNIT**

David L. McCombs
Haynes & Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219

(For the *Inter Partes* Requester)

James J. Wong
2108 Gossamer Avenue
Redwood City, California 94065

(For the *Ex Parte* Requester)

*In re* Ikudome, *et al.*
*Inter partes* Reexamination Proceeding
Control No. 90/012,342
Filed: June 08, 2012
For: U.S. Patent No. 6,779,118 C1

*In re* Ikudome, *et al.*
*Ex Parte* Reexamination Proceeding
Control No. 95/002,035
Filed: September 12, 2012
For: U.S. Patent No. 6,779,118 C1

**DECISION**
***SUA SPONTE***
**MERGING**
**REEXAMINATION**
**PROCEEDINGS**

The above-captioned reexamination proceedings are before the Office of Patent Legal Administration for *sua sponte* consideration of whether the proceedings should be merged at this time.

*Ex Parte* Reexamination proceeding control number 90/012,342 and *Inter parte* Reexamination proceeding control number 95/002,035 **are merged** into a single proceeding.

## BACKGROUND

1. On August 17, 2004, U.S. Patent No. 6,779,118 (the '118 patent) was issued to Ikudome, *et al.* with claims 1-27.

2. On October 10, 2008, an *ex parte* reexamination proceeding was filed for the '118 patent and was assigned control number 90/009,301 (the '9301 proceeding).

3. On March 27, 2012, the '9301 proceeding resulted in an *Ex parte* Reexamination Certificate (8926th) cancelling claims 1, 8, 15 and 25, confirming claims 2-7 and 9-14, confirming as amended 16-23 and 26-27 and determining newly added claims 28-90 as patentable. As a result of the certificate, the '118 patent contains claims 2-7, 9-14, 16-24, and 26-90.

4. On June 08, 2012, a request for *ex parte* reexamination of claims 2-7, 9-14, 16-24, and 26-90 of the '118 patent was filed by a third party requester, which was assigned control number 90/012,342 (the '2342 proceeding).[1]

5. On July 25, 2013, the Office issued an order for *ex parte* reexamination of claims 2-7, 9-14, 16-24, and 26-90 of the '118 patent in the '2342 proceeding.

6. On September 12, 2012, a request for *inter partes* reexamination of claims 2-7, 9-14, 16-24, and 26-90 of the '118 patent was filed, which was assigned control number 95/002,035 (the '2035 proceeding).[2] The request identified Cisco Systems Inc., (the '2035 requester) as the real party-in-interest.

7. On October 19, 2012, the Office issued an order for *inter partes* reexamination of claims 2-7, 9-14, 16-24, and 26-90 of the '118 patent in the '2035 proceeding. A non-final Office Action was concurrently issued, rejecting claims 2-7, 9-14, 16-24, and 26-90.

8. On December 7, 2012, the Office issued a non-final Office action in the '2342 *ex parte* proceeding rejecting claims 2-7, 9, 14, 16, 24, and 26-90.

9. On January 17, 2013, patent owner timely filed a response to the October 19, 2012 non-final Office Action in the '2035 proceeding without amendment to the claims.[3]

10. On February 7, 2013, patent owner timely filed a response to the December 7, 2012 non-final Office Action in the '2342 proceeding.

---

[1] The request relates to the '118 patent as amended by *Ex parte* Reexamination Certificate 8926.
[2] On July 12, 2012, the third party requester deposited a request for *inter partes* reexamination of claims 2-7, 9-14, 16-24, and 26-90 of the '118 patent. On September 06, 2012, the Office issued a Notice of Incomplete *inter parte* Reexamination Request for failing to comply with 37 CFR 1.915(b)(3). The third party requester resubmitted the corrected request for *inter parte* reexamination on September 12, 2012.
[3] Patent owner submitted a copy of an amendment and response from the previous '9301 reexamination proceeding for purposes of supporting patent owner arguments in the '2035 proceeding. The '9301 amendment and response were not submitted in accordance with information disclosure statement procedure (e.g. listing on a PTOL-SB08), thus making the record unclear. The '9301 amendment and response have been marked as an affidavit/declaration to restore clarity to the record.

11. On February 15, 2013, third party requester timely filed responsive comments in the '2035 proceeding.

## DECISION

### I. MERGER OF PROCEEDINGS

Reexamination has been ordered in two proceedings for the same claims (claims 2-7, 9-14, 16-24, and 26-90) of the same patent, '118. One of the proceedings (the '2342 proceeding) is an *ex parte* proceeding. The other proceeding (the '2035 proceeding) is an *inter partes* proceeding. Both proceedings are still pending, and have not been terminated. Therefore, consideration of merger is ripe at this point in time.

The general policy of the Office is that two reexamination proceedings will not be conducted separately, and at the same time, as to a particular patent. The rationale for this policy is (1) to prevent inconsistent, and possibly conflicting, amendments from being introduced into the two proceedings on behalf of the patent owner, (2) to provide a comprehensive examination of the patent based on the issues raised in both of the proceedings, and (3) to expedite the prosecution of both proceedings. In the present instance, merger of the *ex parte* '2342 proceeding and the *inter partes* '2035 proceeding would address these considerations. Thus, the 90/012,342 and 95/002,035 proceedings <u>are merged</u>. The merged proceeding will be conducted in accordance with the guidelines and requirements that follow.

### II. THE SAME CLAIMS MUST BE MAINTAINED IN ALL PROCEEDINGS

Presently, the claims (and the specification) are identical in both files. Patent owner is required to continue to maintain the same claims (and specification) in both files *throughout the merged proceeding*.

### III. CONDUCT OF MERGED PROCEEDINGS

A. Governing regulations for the merged proceedings:

The present decision merges an *ex parte* reexamination proceeding with an *inter partes* reexamination proceeding. Pursuant to 37 CFR 1.989(b), the merged proceeding is governed by 37 CFR 1.902 through 1.997, except that the rights of the third party requester of the *ex parte* reexamination are governed by 37 CFR 1.510 through 1.560.[4]

B. *Inter partes* Third Party Requester Participation

Upon merger of proceedings all *inter partes* requesters can comment pursuant to 35 U.S.C.

---

[4] Active participation of the *ex parte* requester ends with the reply pursuant to 37 CFR 1.535 or the expiration of the time period for such reply. As such period has expired, further submissions on behalf of the *ex parte* requester will not be acknowledged or considered. *See* 37 CFR 1.550(g).

314(b)(2).[5] First, an *inter partes* requester's right to comment is contingent upon the patent owner responding to, or commenting on, an Office action. Second, an *inter partes* requester's right to comment is limited to issues raised in either the Office action or the patent owner's response to the action. Finally, the *inter partes* requester's comments must be submitted within 30 days from the date of service of the patent owner's response. No *inter partes* requester has a right to comment on any issue raised outside the confines of the statute, e.g. issues raised in a previous Office action (but not raised in the most recent Office action or response) or the request and comments from another requester. Requester comments must be submitted within the statutory time period of 30 days from date of service of patent owner's response.

Appeal Rights:

The *inter partes* reexamination procedures for taking appeal, and for participating in the patent owner's appeal, are explained in MPEP 2674 through 2675.02 and 2678 through 2683. As pointed out in MPEP 2674:

> A notice of appeal by a third party requester must identify each rejection *that was previously proposed by that* third *party requester* which the third party requester intends to contest. It is not sufficient to merely appeal from the allowance of a claim (i.e., the examiner's finding of a claim patentable); the third party requester must identify each previously proposed rejection to be contested.

Thus, the *inter partes* reexamination requester's appeal must **only** be taken from the finding(s) of patentability of claims in the RAN as to the rejections the third party requester proposed in the *inter partes* reexamination request (not as to the rejections proposed in the *ex parte* reexamination request), and any that the *inter partes* third party requester properly added during the examination stage of the merged proceeding. Also, as provided by 37 CFR 41.67(c)(1)(vi):

> No new ground of rejection can be proposed by a third party requester appellant, unless such ground was withdrawn by the examiner during the prosecution of the proceeding, and the third party requester has not yet had an opportunity to propose it as a third party requester proposed ground of rejection.

Thus, an appellant's brief shall present a concise statement of each issue. And, no new ground of rejection (i.e., a ground that the requester did not propose in the *inter partes* reexamination request, or during the merged proceeding) can be proposed by the *inter partes* third party requester appellant, unless that ground was withdrawn by the examiner during the prosecution of the proceeding, and the *inter partes* third party requester did not yet have an opportunity to propose it as a third party requester proposed ground of rejection.

---

[5] Each time that the patent owner files a response to an action on the merits from the Patent and Trademark Office, the third-party requester shall have one opportunity to file written comments addressing issues raised by the action of the Office or the patent owner's response thereto, if those written comments are received by the Office within 30 days after the date of service of the patent owner's response.

C. Papers mailed/filed:

All papers mailed by the Office throughout the merged proceeding will take the form of a single action which applies to both proceedings. All papers issued by the Office, or filed by the patent owner and the third party requesters, will contain the identifying data for both files and will be physically entered in each reexamination file. All papers filed by the patent owner and the third party requesters must consist of a single paper, **filed in duplicate**, each bearing a signature and identifying data for both files, for entry into each file.

All papers filed by the patent owner and the third party requesters should be directed:

| | |
|---|---|
| by Mail to: | Attn: Mail Stop "*Inter Partes* Reexam"<br>Central Reexamination Unit<br>Commissioner for Patents<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 |
| by FAX to: | (571) 273-9900<br>Central Reexamination Unit |
| by Hand to: | Customer Service Window<br>Attn: Central Reexamination Unit<br>Randolph Building, Lobby Level<br>401 Dulany Street<br>Alexandria, VA 22314 |
| by EFS: | Registered users may submit papers via the electronic filing system EFS-Web, at:<br><br>https://sportal.uspto.gov/authenticate/authenticateuserlocalepf.html |

Patent owner and requesters are reminded that every paper filed (including papers filed *via* facsimile transmission) in the merged proceeding subsequent to this decision must be served on the other parties, and every paper filed must reflect that such paper was served on the other parties, pursuant to 37 CFR 1.903. All papers are to be addressed to the Central Reexamination Unit as provided above.

D. Amendments:

The filing of any amendments to the drawings, specification or claims must comply with 37 CFR 1.943, which incorporates the provisions of 37 CFR 1.530, and the guidelines of MPEP § 2666.01, which in turn references the guidelines of MPEP § 2250.

37 CFR 1.121 does <u>not</u> apply to amendments in reexamination. Accordingly, clean copies of the amended claims are <u>not</u> required <u>and are not to be submitted</u>; rather amendments are to be presented via markings pursuant to paragraph 37 CFR 1.530(f), except that a claim should be canceled by a statement canceling the claim, without presentation of the text of the claim.

Pursuant to 37 CFR 1.530(i), all <u>amendments must be made relative to the patent</u> specification, including the claims, and drawings, which are in effect as of the date of filing the request for reexamination. *Amendments are <u>not</u> to be made relative to previous amendments.* Thus, for all amendments, all words not appearing <u>in the patent</u> are always underlined, and only words being deleted <u>from the patent</u> appear in brackets.

E. Fees:

Where a paper is filed that requires payment of a fee (*e.g.*, petition fee, excess claims fee, extension of time fee, appeal fee, brief fee, oral hearing fee), only a single fee need be paid. For example, only one fee need be paid for any patent owner's appellant brief (or that of the *inter partes* reexamination requester) which may be filed, even though the brief relates to merged multiple proceedings, and copies must be filed (as pointed out above) for each file in the merged proceeding.

F. Citation of Patents and Printed Publications:

Upon return of the present merged proceeding to the examiner, the examiner will review the files to ensure that each file contains identical citations of prior patents and printed publications, and will cite such documents as are necessary as part of the next action in order to place the files in that condition.

## CONCLUSION

1. *Ex parte* Reexamination Control No. 90/012,342 and *inter partes* Reexamination Control No. 95/002,035 are **merged into a single proceeding**, to be conducted in accordance with the procedure set forth above in Part III of this decision.

2. Any questions concerning this communication should be directed to Joseph F. Weiss, Jr., Legal Advisor, at 571-272-7759.


Pinchus M. Laufer
Senior Legal Advisor
Office of Patent Legal Administration

March 20, 2013