RUSS AUGUST & KABAT
Larry C. Russ, State Bar No. 082760
Email: lruss@raklaw.com
Marc A. Fenster, State Bar No. 181067
Email: mfenster@raklaw.com
Andrew D. Weiss, State Bar No. 232974
Email: aweiss@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California  90025
Telephone: 310.826.7474
Facsimile:  310.826.6991

Attorneys for Plaintiff
Linksmart Wireless Technology, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| LINKSMART WIRELESS TECHNOLOGY, LLC,<br><br>    Plaintiff,<br><br>  vs.<br><br>1. T-MOBILE USA, INC.;<br>2. LODGENET INTERACTIVE CORP.;<br>3. IBAHN GENERAL HOLDINGS CORP.;<br>4. ETHOSTREAM, LLC;<br>5. RAMADA WORLDWIDE, INC.;<br>6. MARRIOTT INTERNATIONAL, INC.;<br>7. SIX CONTINENTS HOTELS, INC.;<br>8. INTERCONTINENTAL HOTELS GROUP RESOURCES, INC.;<br>9. CHOICE HOTELS INTERNATIONAL, INC.; AND<br>10. BEST WESTERN INTERNATIONAL, INC.,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. SAV12-00522 AG (ANx)<br><br>[Assigned to The Honorable Andrew J. Guilford, Courtroom 10-D]<br><br>**PLAINTIFF LINKSMART WIRELESS TECHNOLOGY, LLC'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF MOTION TO STAY LITIGATION**<br><br>**Hearing:**<br>Date: July 8, 2013<br>Time: 10:00 a.m.<br>Courtroom: 10D |

RUSS, AUGUST & KABAT

2926-001 130618 Opp MT Reconsider Stay.docx

RUSS, AUGUST & KABAT

1  Plaintiff Linksmart Wireless Technology, LLC ("Linksmart") hereby

2  submits this brief opposing Defendants' Motion for Reconsideration of Motion to

3  Stay Litigation (D.I. 153).

4  Reconsideration is an "extraordinary remedy, to be used sparingly in the

5  interests of finality and conservation of judicial resources." *Kona Enters., Inc. v.*

6  *Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Carroll v. Nakatani*, 342 F.3d 934, 945

7  (9th Cir. 2003) ("[A] motion for reconsideration should not be granted, absent

8  highly unusual circumstances."); *389 Orange Street Partners v. Arnold*, 179 F.3d

9  656, 665 (9th Cir. 1999) (similar).  Defendants' Motion for reconsideration should

10  be denied because the factual situation has not materially changed.  Although the

11  PTO did issue an Action Closing Proceedings ("ACP") in the pending

12  reexaminations, Linksmart believes the ACP was based, at least in part, on a

13  misunderstanding of Linksmart's arguments.  For example, the PTO examiner

14  rejected a number of claims because it found that the claims did not include the

15  "session" limitations argued by Linksmart.  Romero Decl. Ex. B at 8 ("the claims

16  do not expressly define the user session").  The examiner's position, however,

17  misunderstands Linksmart's argument and Linksmart expects that its comments in

18  response to the ACP will clarify that the "session" argument was merely a

19  shorthand for the limitations of certain claims of the '118 patent.  Linksmart

20  continues to believe that the examiner is likely to withdraw the objections to the

21  current claims and, at the very least, allow a significant subset of the currently

22  rejected claims.  Thus, Linksmart does not believe that the ACP changes the

23  conclusions drawn by the Court in its Order Denying Motion to Stay Litigation

24  Pending Outcome of *Ex Parte* And *Inter Partes* Reexaminations (D.I. 130).

25  Defendants present no arguments in their Motion that alter the Court's

26  conclusion that two of the three stay factors (the stage of the case and prejudice

27  factors) weigh in favor of denying the stay.  Rather, Defendants argue that

28  2926-001 130618 Opp MT Reconsider Stay.docx                    1

**PLAINTIFF LINKSMART WIRELESS TECHNOLOGY, LLC'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF MOTION TO STAY LITIGATION**

RUSS, AUGUST & KABAT

1    reconsideration is appropriate only because the first factor (simplification) should

2    not be neutral and should instead weigh in Defendants' favor.  Even if the

3    simplification factor weighs in Defendants' favor after the ACP, the remaining

4    factors still weigh against a stay and the Court should not reconsider its denial of

5    the stay.

6          Defendants' primary argument for reconsideration is that the ACP should

7    change the Court's analysis because Linksmart can no longer make amendments or

8    add claims as of right.  The possibility of new or amended claims was only one

9    aspect of the Court's simplification analysis.  Another equally important aspect of

10   the Court's analysis was the fact that the pending reexaminations involve (among

11   other prior art) prior art that is also at issue in the litigation.  D.I. 130 at 4-6.  The

12   ACP does nothing to alter the fact that, once Linksmart succeeds in reexamination,

13   Defendants will likely continue to assert that the prior art at issue in the

14   reexamination invalidates the patent even after the finding by the PTO to the

15   contrary.  The simplification factor in the stay analysis continues to be neutral.

16         Defendants also argue that reconsideration is appropriate because of

17   Defendants' extensive reliance on the reexamination file histories to support their

18   arguments to import limitations into the claims.  For the reasons explained in

19   Linksmart's Opening and Reply claim construction briefs (D.I. 133, 142), nothing

20   in the file history of the reexaminations imports the limitations proposed by

21   Defendants.  And Linksmart does not intend to bring arguments during the

22   reexamination proceedings that import limitations not currently present in the

23   claims of the '118 patent.  Thus, Defendants' perceived possibility of later

24   statements by Linksmart requiring new claim construction proceedings is unlikely

25   and should not change the analysis.

26         The cases cited by Defendants also do not support reconsideration of the

27   denial of the stay.  For example, *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, Civil

28   2926-001 130618 Opp MT Reconsider Stay.docx                    2

**PLAINTIFF LINKSMART WIRELESS TECHNOLOGY, LLC'S OPPOSITION TO DEFENDANTS' MOTION FOR
RECONSIDERATION OF MOTION TO STAY LITIGATION**

1  Action No. 09-5142 (GEB), 2011 U.S. Dist. LEXIS 134188 (D.N.J. Oct. 4, 2011)

2  is a brief order (which was expressly deemed not for publication) that contains

3  little analysis supporting the court's stay decision.  Other than being subject to an

4  ACP, there is no indication that the factual situation addressed by the court in *LG*

5  is similar to this factual situation.  As another example, *Cellectics S.A. v. Precision*

6  *Biosciences, Inc.*, No. 5:08-cv-00119-H, 2010 U.S. Dist. LEXIS 91043 (E.D.N.C.

7  Aug. 31, 2010) is inapplicable because it involved a situation where there was a

8  significant likelihood that the only claims to emerge from reexamination were

9  amended claims.  *Id.* at *18.  No such facts exist here.

10      Accordingly, the issuance of the ACP does not merit reconsideration of the

11  Court's denial of Defendants' original stay request.  The ACP has no impact on two

12  of the three factors that weigh against granting a stay.  The ACP also has no effect

13  on the neutral simplifying factor.  The Court should therefore deny Defendants'

14  reconsideration motion.

15

16

17

    DATED: June 19, 2013                Respectfully submitted,

18                                        RUSS, AUGUST & KABAT

19
                                          By: /s/ *Andrew D. Weiss*
20                                        _____

21                                            Larry C. Russ
                                              Marc A. Fenster
22                                            Andrew D. Weiss

23
                                          Attorneys for Plaintiff
24                                        Linksmart Wireless Technology, LLC

25

26

27

28  2926-001 130618 Opp MT Reconsider Stay.docx              3

RUSS, AUGUST & KABAT

1

**CERTIFICATE OF SERVICE**

2

   I hereby certify that on June 19, 2013, the foregoing document was filed

3

electronically via the Court's Electronic Case Filing System (ECF).  Notice of the

4

filing is being served upon all counsel of record automatically through Notice of

5

Electronic Filing.

6

   */s/ Andrew D. Weiss*
   Andrew D. Weiss

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUSS, AUGUST & KABAT

2926-001 130618 Opp MT Reconsider Stay.docx                    4

**PLAINTIFF LINKSMART WIRELESS TECHNOLOGY, LLC'S OPPOSITION TO DEFENDANTS' MOTION FOR
RECONSIDERATION OF MOTION TO STAY LITIGATION**